**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| OKEY GARRY OKPALA, | |
| Petitioner, | CIVIL ACTION NO.<br>1:02-CV-1012-RWS |
| v. | CRIMINAL ACTION NO.<br>1:93-CR-002-01-RWS |
| UNITED STATES of AMERICA, | |
| Respondent. | |

## **ORDER**

This case comes before the Court for review of Petitioner Okey Garry Okpala's Second 28 U.S.C. § 2255 Motion to Vacate, Correct, or Amend Sentence [252], his Motion for Leave to Proceed *in Forma Pauperis* [253], his Motion to Reopen his First 28 U.S.C. § 2255 Motion to Vacate[254], his Motion to Expedite Ruling [255], and his Motion to Supplement [256]. As an initial matter, Petitioner's Motion to Supplement [256] is **GRANTED**. The Court has reviewed the record, and now enters the following order.

## Background

Petitioner Okey Garry Okpala was convicted on August 6, 1993, of charges relating to the importing and trafficking of heroin, and of making false statements in support of his citizenship application. On October 25, 1993, the trial court sentenced Petitioner to 360 months on the drug counts and to two 60-month sentences on the charges of making false statements. Petitioner's conviction became final on February 2, 1998, when the United States Supreme Court denied Petitioner's petition for certiorari.

On July 20, 1998, acting *pro se*, Petitioner filed a 37-page Motion to Vacate, along with a 204-page Memorandum of Law in support. On April 28, 1999, the district court entered an order dismissing Petitioner's 28 U.S.C. § 2255 motion. On November 7, 2000, the United States Court of Appeals for the Eleventh Circuit vacated that dismissal and directed the petition to be returned to Petitioner pursuant to Rule 2(d) of the rules governing § 2255 proceedings because the petition was not in the form required by the rules.

After the district court issued an order directing the Clerk to return Petitioner's motion, Petitioner filed a Motion to Resubmit Motion to Vacate. This motion did not set forth in summary the facts supporting each ground of

his motion, and the district court again instructed the Clerk to return the motion because the defects in the motion had not been cured. Petitioner then filed a Petition for a Writ of Mandamus. The Court of Appeals denied Petitioner's Writ of Mandamus but indicated that the district court had not specified in sufficient detail the reasons for the return of Petitioner's motion. The Court of Appeals did note, however, that the district court's response to the Court of Appeals' order adequately put Petitioner on notice of the defects in his Motion. Even so, Petitioner again filed the same 39-page motion and 204-page brief.

After the case was transferred to the undersigned, this Court reviewed Petitioner's motion and directed the Government to respond solely to the four grounds for relief in his Motion that did not appear meritless on their face. The Court noted that most of Petitioner's voluminous petition is unrelated to the enumerated bases for relief. The Court summarized Petitioner's motion as bringing the following claims: (1) ineffective assistance of counsel during district court proceedings; (2) ineffective assistance of counsel during appeal proceedings; (3) the District Court's alleged actual bias against petitioner; and (4) lack of access to Court of Appeals.

In an Order entered June 3, 2004 [238], this Court denied Petitioner's First Motion to Vacate Sentence. Petitioner moved to reconsider, contending that this Court erred by summarily denying Grounds 1-11, 16, 23, 24, and 26 of his Petition. On July 6, 2004 [242], this Court denied Petitioner's Motion for Reconsideration, finding that, "to the extent that Petitioner reasserts various arguments he previously made in his 204-page memorandum of law, the Court has already addressed those arguments and declines to reconsider its prior rulings." (Id. at 6.) On February 10, 2005 [250], the Court of Appeals for the Eleventh Circuit denied Petitioner's request for a certificate of appealability.

Petitioner has since filed a Motion to Reopen his first § 2255 proceeding. He has also filed a second Motion to Vacate, Set Aside, or Correct Sentence, a Motion for Leave to Proceed *in Forma Pauperis*, and a Motion to Expedite Ruling. The Court discusses the merits of each in turn.

### I.     Motion to Reopen First § 2255 Proceeding

Petitioner moves under Rule 60(b) to reopen his first § 2255 proceeding, arguing that this Court erred in dismissing Grounds 1-11, 16, 23, 24, and 26 of his petition as meritless on their face. Petitioner contends that the Supreme Court's decision in Dye v. Hofbauer, 546 U.S. 1, 126 S. Ct. 5, 163 L. Ed. 2d 1

4

(2005), handed down on October 11, 2005, requires this Court to reconsider those grounds it found meritless in its Order of June 3, 2004.

In Dye, the Supreme Court reversed a decision by the Sixth Circuit Court of Appeals dismissing a habeas petition on the ground that the petitioner had failed to raise a federal claim of prosecutorial misconduct before the state court. Although the petitioner had in fact raised the federal claim in his briefs, the Sixth Circuit held that the claim had been waived because the state appellate court had made no mention of it in its opinion. The Supreme Court reversed, reiterating the "obvious" rule that the exhaustion requirement "cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court." Id. at 3 (quoting Smith v. Digmon, 434 U.S. 332, 333, 98 S. Ct. 597, 54 L. Ed. 2d 582 (1978)) (internal quotations omitted).

Contrary to Petitioner's assertion, Dye does not require this Court to reconsider its June 3, 2004 Order, or reopen Petitioner's first § 2255 proceeding. In this case, the Court *did* consider and rule upon the grounds for relief Petitioner raised in his initial § 2255 Petition, and found them meritless on their face. (See Order of Jun. 3, 2004 [238] at 8-9 & n.2.) After Petitioner

5

moved for reconsideration on virtually the same grounds raised in the instant motion to reopen, the Court explicitly found that it "has already addressed those arguments and declines to reconsider its prior rulings." (See Order of Jul. 6, 2004 [242] at 6.). For the reasons stated in its Order of June 3, 2004, and its Order of July 6, 2004, the Court declines to reopen the Petitioner's first § 2255 Motion and reconsider its prior rulings. Accordingly, Petitioner's Motion to Reopen [254] is **DENIED**.

## II.     Second Motion to Vacate, Set Aside, or Correct Sentence

Petitioner has also filed a second motion to vacate, set aside, or correct sentence, dated November 1, 2005, pursuant to 28 U.S.C. § 2255. In support of this Motion, Petitioner contends that the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), entitles him to a new sentencing hearing. He argues that Booker applies retroactively to cases on collateral review and thus supports the grant of relief under 28 U.S.C. § 2255.

Paragraph 8 of 28 U.S.C. § 2255 provides:

A second or successive motion *must be certified . . . by a panel of the appropriate court of appeals* to contain—

6

      (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8 (emphasis added).

Given the posture of this case, Petitioner is unable to avail himself of a second or successive motion to vacate brought under 28 U.S.C. § 2255. Petitioner has failed to obtain certification from the Court of Appeals.[1] Id.; see also Gonzales v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1260 (11th Cir. 2004) (stating that a district court "ha[s] no choice but to deny" a successive motion under 28 U.S.C. § 2255 if the petitioner fails to obtain a certificate from the Court of Appeals).

---

[1] In any event, it is doubtful that Petitioner could obtain such certification. The Eleventh Circuit has previously rejected Petitioner's contention that Booker applies retroactively to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (holding that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do *not* apply retroactively to § 2255 cases on collateral review" (emphasis in original)).

AO 72A
(Rev.8/82)

Accordingly, Petitioner's Second Motion to Vacate, Set Aside or Correct Sentence [252] is **DENIED**.

### III.  Other Motions

As a result of the Court's disposition above, Petitioner's Motion for Leave to Proceed *in Forma Pauperis* [253] and his Motion to Expedite Ruling [255] are **DENIED as moot**.

### Conclusion

For the foregoing reasons, Petitioner Okey Garry Okpala's Second 28 U.S.C. § 2255 Motion to Vacate, Correct, or Amend Sentence [252] is **DENIED**.  Petitioner's Motion for Leave to Proceed *in Forma Pauperis* [253] is **DENIED as moot**.  Petitioner's Motion to Reopen [254] is **DENIED**.  Petitioner's Motion to Expedite Ruling [255] is **DENIED as moot**.  Petitioner's Motion to Supplement [256] is **GRANTED**.

**SO ORDERED** this   4th   day of December, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)