IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| OKEY GARRY OKPALA | : | |
| | : | CIVIL ACTION NO. |
| Petitioner, | : | 1:02-CV-1012-RWS |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:93-CR-002-01-RWS |
| UNITED STATES of AMERICA, | : | |
| | : | |
| Respondent. | : | |

## ORDER

This case comes before the Court for review of Petitioner Okey Garry
Okpala's Motion for Reconsideration [261], Motion for Leave to Appeal *in
Forma Pauperis* [263], and Motion for Certificate of Appealability [264].  The
Court has reviewed the record, and now enters the following Order.

### Background

Petitioner Okey Garry Okpala was convicted on August 6, 1993, of
charges relating to the importing and trafficking of heroin, and of making false
statements in support of his citizenship application.  On October 25, 1993, the
trial court sentenced Petitioner to 360 months on the drug counts and to two 60-

month sentences on the charges of making false statements.  The Court of

Appeals affirmed his conviction, and the Supreme Court denied certiorari.

Petitioner then timely filed a Motion to Vacate Sentence.

In an Order entered June 3, 2004 [238], this Court denied Petitioner's

First Motion to Vacate Sentence.  Petitioner moved to reconsider, contending

that this Court erred by summarily denying Grounds 1-11, 16, 23, 24, and 26 of

his Petition.  On July 6, 2004 [242], this Court denied Petitioner's Motion for

Reconsideration, finding that, "to the extent that Petitioner reasserts various

arguments he previously made in his 204-page memorandum of law, the Court

has already addressed those arguments and declines to reconsider its prior

rulings."  (Id. at 6.)  On February 10, 2005 [250], the Court of Appeals for the

Eleventh Circuit denied Petitioner's request for a certificate of appealability.

Petitioner then filed a Motion to Reopen his first § 2255 proceeding and a

second Motion to Vacate, Set Aside, or Correct Sentence.  In an Order entered

on December 4, 2007 [259], the Court denied Petitioner's Motion to Reopen

and dismissed Petitioner's Successive Motion to Correct Sentence for lack of

jurisdiction.  Petitioner now moves for reconsideration of the Court's Order of

December 4, 2007, moves for a certificate of appealability, and seeks leave to appeal from that Order *in forma pauperis*.

**Discussion**

**I.      Motion for Reconsideration**

Petitioner moves for reconsideration of this Court's Order of December 4, 2007, contending that this Court erred by failing to reopen Petitioner's habeas action and by failing to consider Petitioner's Rule 60 Motion pursuant to the Supreme Court's guidance in <u>Gonzales v. Crosby</u>, 545 S. Ct. 524, 125 S Ct. 2641 (2005).  For the reasons provided below, the Court declines to reconsider its prior Order.

The Court's decisions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 287 (N.D. Ill. 1988), and motions for reconsideration should not be filed as a matter of routine practice.  LR 7.2(E), NDGa.  Rather, such motions "should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." <u>Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.</u>, 972 F. Supp.

3

665, 674 (N.D. Ga. 1997) (citing <u>Preserve Endangered Areas of Cobb's History</u> <u>v. United States Army Corps of Engineers</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir. 1996)).

Given the narrow scope of a motion for reconsideration, it is improper to move for reconsideration, for example, "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Moreover, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." <u>Preserve Endangered Areas of</u> <u>Cobb's History</u>, 916 F. Supp. at 1560.

Citing <u>Crosby</u>, 545 U.S. at 524, Petitioner contends that the Court should reopen his habeas proceedings to re-address the merits of those claims that the Court dismissed as meritless on their face.  However, under <u>Crosby</u>, a motion brought under Rule 60 is improper "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas

4

relief." Id. at 532 (footnote omitted).  Because this Court dismissed those claims Petitioner seeks to reassert on the merits, Gonzales supports the Court's rejection of Petitioner's Rule 60 motion.  For the same reasons as outlined in the Court's Order of December 4, 2007, the Court declines to reconsider its ruling.

Moreover, in contending that this Court erred by failing to reopen his habeas proceedings to address those claims that this Court dismissed as meritless on their face, Petitioner reasserts arguments that this Court has previously rejected.  These arguments are not proper for the Court's consideration on a motion to dismiss, and therefore, the Court declines to reconsider its Order of December 4, 2007.

Accordingly, Petitioner's Motion for Reconsideration is **DENIED**.

## II.      Motion for Certificate of Appealability

Petitioner also moves for a certificate of appealability on the following issue:

> Whether the district court erred in construing the Petitioner's
> petition for a writ of habeas corpus pursuant to the "savings"
> clause of 28 U.S.C. § 2255 as [a] second or successive motion to
> vacate without notice, opportunity to withdraw or amend, and
> dismissing the same for lack of jurisdiction.

5

(See Pet.'s App. for Cert. of Appealability at 1.)

Under 28 U.S.C. § 2253(c), an appeal may not be taken from a final order in a § 2255 proceeding unless a certificate of appealability is issued. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

The showing required to be entitled to a certificate of appealability neither requires nor permits full consideration of the factual and legal merits of the claims. Gonzalez v. Sec. for Dept. of Corr., 366 F.3d 1253, 1267 (11th Cir. 2004). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." Id. (quoting Miller-El v. Cockrell, 537 U.S.

6

322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)).  Thus, a petitioner is not required to demonstrate entitlement to appellate relief in order to be given an opportunity to pursue it.  Id.  Nevertheless, the certificate of appealability requirement must be applied with its purpose in mind, which is to separate out those appeals that deserve more careful attention from the ones that do not.  Id. "More than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle."  Id.

Petitioner contends that he is entitled to a certificate of appealability because it is debatable whether the Court properly characterized his "Motion to Vacate, Set Aside or Correct Sentence" [252] as a second or successive Motion to Vacate brought pursuant to 28 U.S.C. § 2255.  Citing Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003), Petitioner argues that this Court erred by failing to afford Petition notice and an opportunity to withdraw, and by dismissing his Petition for lack of jurisdiction.

In Castro, the Supreme Court held that several protections must accompany an order recharacterizing a motion as a motion to correct sentence because of the *res judicata*-like effect the adjudication of a § 2255 has on a litigant's ability to bring further motions attacking his sentence.  Id. at 382-83.

7

It stated:

> In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

Id.

However, the Court indicated that these protections must only accompany a court's recharacterization of a movant's *first* motion to correct sentence. Id. at 383 (emphasis added) ("This limitation applies when a court recharacterizes a pro se litigant's motion as a *first* § 2255 motion.").  Because the reason for this restriction on recharacterization "does not apply where, as in this case, the petitioner previously filed a § 2255 petition," courts following Castro have uniformly held that the Castro's warn-and-allow-withdrawal approach does not apply to second or successive motions to vacate. E.g., United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)); United States v. Lloyd,

8

398 F.3d 978, 980 (7th Cir. 2005) ("Although a miscaptioned initial collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, all later collateral attacks must be seen for what they are.  A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so <u>Castro</u>'s warn-and-allow-withdrawal approach does not apply."); <u>see also</u> <u>United States v. Stewart</u>, No. CR 103-087, 2007 WL 2283546 (S.D. Ga. Aug. 6, 2007) ("The dictates of <u>Castro v. United States</u> only apply when a court recharacterizes a pro se litigant's motion as a first § 2255 motion, not when a pro se litigant files the equivalent of a second or successive § 2255 motion.").

Petitioner has already unsuccessfully filed his first § 2255 Motion.  (<u>See</u> Motion to Vacate [219]).  His challenge concerns whether the Court can recharacterize the instant motion as precisely what it is: his second motion to vacate.  As the cases above illustrate, <u>Castro</u> does not require the Court to

9

provide Petitioner notice and an opportunity to withdraw prior to correctly describing his motion as a second motion to vacate.[1]

Neither the Petitioner has cited nor the Court has found any authority to contradict that <u>Castro</u> does not require a court to warn a litigant and offer him an opportunity to withdraw a second motion to vacate.  Accordingly, the Court sees no room for reasonable jurists to debate the issue upon which Petitioner seeks to appeal.  Because Petitioner has not made the requisite showing of a debatable denial of a constitutional right, his Motion for a Certificate of Appealability is **DENIED**.

## II.     Motion for Leave to Proceed *in Forma Pauperis*

In light of the Court's conclusion above, the Court must also deny Petitioner's Motion to Appeal *in Forma Pauperis* and certify, pursuant to Federal Rule of Appellate Procedure 24(a)(3), that the appeal is not taken in good faith.  "[A] district court's denial of a certificate of appealability is not

---

[1] Petitioner also seems to contend that he should be allowed to file his second motion to vacate pursuant to the savings clause contained in § 2255.  The savings clause allows a successive claim that is based either upon a retroactively applicable Supreme Court decision, which establishes the petitioner was convicted for a nonexistent defense and circuit law squarely foreclosed making the claim at the time of petitioner's trial.  <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).  Because <u>Booker</u> is not retroactively applicable to cases on collateral review, <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), Petitioner may not avail himself of the savings clause.

AO 72A
(Rev.8/82)

reviewable by the circuit court." <u>Pruitt v. United States</u>, 274 F.3d 1315, 1319 (11th Cir. 2001).  It is clear that to grant leave to appeal *in forma pauperis* after denying a certificate of appealability would be procedurally improper.[2] Therefore, any appeal seeking such relief would be frivolous and not in good faith.  Accordingly, Defendant's Motion for Leave to Proceed *in Forma Pauperis* is **DENIED.**

**Conclusion**

For the foregoing reasons, Petitioner Okey Garry Okpala's Motion for Reconsideration [261], Motion for Leave to Appeal *in Forma Pauperis* [263], and Motion for Certificate of Appealability [264] are **DENIED**.

**SO ORDERED** this   22nd   day of January, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2]  Instead, Defendant may file a renewed application for a certificate of appealability with the Court of Appeals for the Eleventh Circuit.   <u>Pruitt</u>, 274 F.3d at 1319.

11